UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| KAWANA M. GRAVES,<br><br>    Plaintiff,<br><br>v.<br><br>WEBSTER MONROE & ASSOCIATES, LLC,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-01351<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes KAWANA M. GRAVES ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of WEBSTER MONROE & ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

### PARTIES

1

4. Plaintiff is a consumer over 18 years-of-age residing in Jacksonville, Florida, which is within the Middle District of Florida.

5. Defendant is a third-party debt collector and a limited liability company organized under the laws of the State of New York. Defendant is registered at 7510 Porter Road, Suite 1, Niagara Falls, New York 14304. Defendant regularly collects from consumers in the State of Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a defaulted personal loan ("subject debt") that Plaintiff purportedly owes. The subject debt was incurred for personal and household purposes.

8. Around the summer of 2020, Defendant began its collection campaign by telephonically contacting Plaintiff.

9. Upon speaking with Defendant, Plaintiff was informed of Defendant's intent to collect the subject debt.

10. Furthermore, Defendant also contacted Plaintiff's son in an attempt to collect upon the subject debt.

11. During the aforementioned calls, Plaintiff and Plaintiff's son were told by Defendant that there was a warrant for Plaintiff's arrest and that Plaintiff needed to address the subject debt immediately.

12. Defendant's threats were extremely distressing to Plaintiff and Plaintiff's son.

13. Moreover, on at least one occasion, Defendant failed to identify itself as a debt collector when it communicated with Plaintiff.

14. Plaintiff was taken aback by Defendant's unprofessional conduct and harassing collection campaign.

15. Frustrated and confused over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

16. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though full set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

"The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(4);

"The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10); and

"The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector……."  15 U.S.C. §1692e(11).

25. Defendant violated §1692e, e(4), e(5), and e(10) when it employed deceptive means to collect or attempt to collect upon the subject debt. It was deceptive for Defendant to represent that nonpayment of the subject debt would result in Plaintiff's imprisonment. Defendant's actions only served to worry and confuse Plaintiff.

26. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from vindicating her rights.

### b.  Violations of FDCPA § 1692f

27. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. Defendant violated §1692f when it unfairly attempted to collect from Plaintiff. Specifically, it was unfair for Defendant to falsely assert that Plaintiff would be imprisoned if she failed to make a payment.

29. As pled in paragraphs 15 through 17, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KAWANA M. GRAVES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 1, 2020

Respectfully Submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
*Counsel for Plaintiff*
Florida Bar No. 1021163
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com